UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
INTERNATIONAL CHRISTIAN
BROADCASTING, INC., a California
corporation,



MEMORANDUM AND ORDER

Plaintiff,

CV 12-3570

-against-

(Wexler, J.)

MICHAEL KOPER, an individual and
BRITTANY KOPER, an individual,

Defendants.
------------------------------------------------------X
APPEARANCES:

    Menter, Rudin & Trivelpiece, P.C.
    By: Douglas Patrick Needham, Esq.
    308 Maltbie Street
    Suite 200
    Syracuse, NY 13204
    Attorneys For Plaintiffs

    Mahaffey Law Group, PLC
    By: Douglas Mahaffey, Esq.
    4 San Joaquin Plaza, Suite 320
    Newport Beach, CA 92660
    Attorneys for Plaintiff

    Winters & King, Inc.
    By: Michael J. King, Esq. S. Greg Pittman, Esq.
    2448 E 81st Street
    Suite 5900
    Tulsa, OK 74104
    Attorneys for Plaintiff

    Anthony J. Harwood, Esq.
    One Liberty Plaza, 35th Floor
    New York, NY 10006
    Attorneys for Defendants

Richardson Richardson Boudreaux Keesling PLLC
By: David R. Keesling, Esq., Hedi Shadid, Esq.
7447 South Lewis Avene
Tulsa, OK 74136
Attorneys for Defendants

WEXLER, District Judge

Presently before the court is the Report and Recommendation of Magistrate Judge Gary R. Brown, dated October 19, 2012. International Christian Broadcasting, Inc. v. Koper, 2012 WL 5210595 (E.D.N.Y. 2012) (hereinafter the "R&R"). The R&R recommends dismissal of the complaint for failure to meet the minimum amount in controversy set forth in the diversity jurisdiction statute. 28 U.S.C. §1332(a). Plaintiff has submitted timely objection to the R&R, and Defendants have responded thereto.

## BACKGROUND

### I. The Allegations of the Complaint

Plaintiff is a California corporation that is the assignee of claims arising out of a loan made to Defendants. Defendants are Michael and Brittany Koper, married individuals who reside in this District. The claim assigned is the right to pursue the amount due under a loan made to Defendants by Plaintiff's assignor, Defendant Brittany Koper's grandmother (the "Loan"). The Loan is in the amount of $22,000, and was made to Defendants in or around September of 2005.

It is alleged that Defendants fraudulently represented their need for the Loan. Specifically, Defendants are stated to have falsely represented that the Loan was required to repay a $22,000 loan, taken out by Defendant Michael Koper to finance his education. Michael Koper is alleged to have told Brittany's grandmother (Plaintiff's assignor), that halfway through his freshmen year in college he was called to active duty in the United States Marine Corps (the "Marines").

Michael Koper is alleged to have said that because of an injury and his consequential inability to continue with his schooling, he would either be required to return immediately to active Marine duty, or pay back the education loan. Plaintiff alleges that based upon such representations, Brittany Koper's grandmother agreed to loan Defendants the $22,000. Additional fraudulent statements allegedly made to induce the making of the Loan were representations that Michael Koper was a Marine sniper with extensive combat experience, including hand to hand combat with a Taliban insurgent. Michael Koper is also alleged to have represented that he after serving a tour of duty in Afghanistan he was awarded the Navy Cross, a Bronze Star and two Purple Hearts.

The Loan was extended to Defendants on or about September 23, 2005, when $22,000 was transferred to Michael Koper's bank account within this District. No payment was made on the promissory note executed in connection with the Loan. All rights in and to that promissory note were assigned to Plaintiff on or about July 16, 2012. Shortly thereafter, this action was filed.

II.     The Complaint

Plaintiff's complaint asserts federal jurisdiction based upon the parties' diversity of citizenship. In support of the allegation of federal jurisdiction, Plaintiff alleges that the amount in controversy exceeds $75,000. See 28 U.S.C. §1332(a)(1).

Plaintiff's complaint contains two claims. The first is for fraud, and is alleged against Defendant Michael Koper. The fraud claim asserts that Michael Koper made false representations and statements, as detailed above, with the intent to deceive the maker of the Loan. Plaintiff seeks actual damages in the full amount of the Loan – $22,000. Additionally, Plaintiff seeks punitive damages in the amount of $100,000. The second claim is asserted against

3

Defendants Michael and Brittany Koper and alleges the existence of a civil conspiracy. Like the first claim, the second seeks actual damages and punitive damages in the amount of $100,000.

III. The Report and Recommendation

The R&R recommends dismissal on the ground that the amount in controversy falls short of the $75,000 jurisdictional minimum. Specifically, the R&R notes that actual damages arising from non-payment of the Loan cannot exceed $22,000. It is further recognized that the only way that Plaintiff can achieve the minimum amount in controversy is to include the $100,000 sought by way of punitive damages. The R&R notes that a demand for punitive damages may be included, in certain instances, when determining whether a plaintiff has properly alleged the minimum amount in controversy. International Christian Broadcasting, 2012 WL 5210595 *3, citing, Nwanza v. Time, Inc., 2005 WL 551207, at * 2 (2d Cir. 2005) (citations omitted). Despite the latitude allowed, the Magistrate Judge held that such damages could not be included in this matter. Specifically, the court noted that under New York law punitive damages are plainly not available where, as here, the claim is for breach of contract and there are no allegations of public harm. Id. at *4. Arguing that they have properly alleged the requisite public harm, Plaintiff has timely objected to the R&R.

DISCUSSION

I. Standard of Review

A district court reviewing a Magistrate Judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made . . . ." 28 U.S.C. § 636(b)(1)(C). Where, as here, a report and recommendation deals with a dispositive motion, a district court conducts a de novo review of those portions of the report or specified proposed

4

findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3).

II.  The Jurisdictional Minimum

The statute providing for jurisdiction based upon diversity of citizenship provides for federal jurisdiction over claims of diverse parties only where the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1). The plaintiff bears the burden of showing that there is a "reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. Equitable Life Assurance Society of U.S., 347 F.3d 394, 397 (2d Cir. 2003). Generally, this probability is easily met, since there exists a rebuttable presumption that the face of a plaintiff's complaint is a "good faith representation of the actual amount in controversy." Wood v. Maguire Automotive, LLC, 2013 WL 309979 *1 (2d Cir. 2013) (citation omitted); see Wolde-Meskel v. Vocational Instruction Project Community Services, Inc. 166 F.3d 59, 63 (2d Cir. 1999).

To overcome this presumption, the party opposing jurisdiction must show "to a legal certainty" that the amount sought is below the jurisdictional minimum. Scherer, 347 F.3d at 397; see Travelers Indem. Co. v. Valley Psychological, P.C., 2012 WL 3614431 *1 (E.D.N.Y. 2012); Fisher v. O'Brien, 2010 WL 1269793 *3 (E.D.N.Y. 2010). Nonetheless, the "reasonable probability" burden that the statutory minimum is met remains with the plaintiff. Fisher v. O'Brien, 2010 WL 1269793 *3 (E.D.N.Y. 2010). Additionally, where as here, the jurisdictional amount is met only by inclusion of a claim for punitive damages, such calculation must be considered with "heightened scrutiny." Nwanza v. Time, Inc., 2005 WL 551207 *2 (2d Cir. 2005).

A narrow exception to the rule barring punitive damages in a breach of contract action

5

applies where egregious, independently tortious conduct is alleged and, in addition, public rights are implicated. Thus, as stated by the New York Court of Appeals, "a private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, *but also that such conduct was part of a pattern of similar conduct directed at the public generally.*" Rocanova v. Equitable Life Assur. Soc. of U.S., 612 N.Y.S.2d 339, 343 (1994) (emphasis added); Calabrese Bakeries, Inc. v. Rockland Bakery, Inc., 102 A.D.3d 1033, 2013 WL 257314 *3 (3d Dep't 2013); Guido v. Orange Regional Medical Center, 102 A.D.3d 828, 2013 WL 238765 *3 (2d Dep't. 2013); see TVT Records v. Island Def Jam Music Group, 412 F.3d 82, 93, 93 n. 10 (2d Cir. 2005); Conocophillips v. 261 East Merrick Road Corp., 428 F. Supp.2d 111, 129 (E.D.N.Y. 2006). see also New York University v. Continental Insurance Co., 639 N.Y.S.2d 283 (1995) (punitive damages are available in a breach of contract case only "if necessary to vindicate a public right").

### III. The R&R is Accepted and the Complaint is Dismissed

Plaintiff concedes, as it must, that the $22,000 sought to be collected for non-payment of the Loan does not meet the jurisdictional minimum amount in controversy to establish federal jurisdiction. It is argued, however, that the $100,000 sought in punitive damages satisfies the jurisdictional requirement. The court disagrees.

In its objections to the R&R, Plaintiff argues that the Kopers' representations to Brittany's grandmother amount to the egregious conduct, constituting an independent tort, that results in the public harm necessary to state a claim for punitive damages. The allegations relied upon, as noted above, include the telling of lies concerning Michael Koper's military career, and his need for $22,000 to avoid further service. Such misrepresentations, even if false, are private

6

in nature, aimed only at persuading Brittany's grandmother to extend the Loan to Brittany and her husband. Lying to one's grandmother to obtain a loan does not amount to tortious behavior aimed at the public in general that is sufficient to state a claim for punitive damages in the context of a breach of contract action. Undoubtedly, misrepresenting one's military service is wrong and, indeed, insulting to members of the military. In the context of this action and the facts alleged here, however, such conduct rises neither to the level of tortious egregious conduct, nor public harm necessary, to state a claim for punitive damages. Whatever bad faith and evil intent Plaintiff alleges with respect to Defendant's misrepresentations to Brittany Koper's grandmother about Michael Koper's military service, those allegations are private in nature not public. Accordingly, the court holds, to a legal certainty, that the amount in controversy in this breach of contract action does not reach the jurisdictional minimum. Accord Powell v. Johnson, 2012 WL 4052261 *13 (N.D.N.Y. 2012)(dismissing breach of contract claim for failure to meet jurisdictional minimum even where plaintiff sought an additional $200,000 in punitive damages).

As a final matter, the court notes that the R&R refers to the parties' personal and business relationship, and Defendants' allegations that this lawsuit is part of a vendetta being pursued against the Kopers because they exposed financial improprieties in Plaintiff's company. While these allegation may be true, they are not, as recognized by the Magistrate Judge, relevant to the core issue of whether federal jurisdiction exists. Plaintiffs' complaint alleges nothing more than a breach of contract, which, if proved, will amount to an award that is nowhere near the jurisdictional minimum. The recommendation that this matter be dismissed for lack of federal jurisdiction is accepted. As noted by the Magistrate Judge, such dismissal is properly without prejudice where, as here, the dismissal is based upon lack of subject matter jurisdiction.

International Christian Broadcasting, 2012 WL 5210595 *5 n.6, citing, Hernandez v. Conriv Realty Associates, 182 F.3d 121, 123 (2d Cir. 1999).

## CONCLUSION

The court overrules all objections to the Report and Recommendation of Magistrate Judge Brown dated October 19, 2012, and accepts in full the recommendation that this matter be dismissed. This matter is therefore dismissed, without prejudice, for lack of subject matter jurisdiction. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 29 in this matter, and to thereafter close the file in this case.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 19, 2013